UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

JAMES JENKINS #250662,

        Plaintiff,                    Case No. 2:07-cv-57

v.                                              Honorable Robert Holmes Bell

PATRICIA CARUSO, et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e©). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed for failure to state a claim.

**Discussion**

    I.        Factual allegations

Plaintiff James Jenkins, an inmate at the Kinross Correctional Facility, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants MDOC Director Patricia Caruso, Warden Linda M. Metrish, Health Unit Manager Tanya Cunningham, Doctor Aster Berhane, Doctor Benjamin C. Scarff, Chief Medical Officer George Pramstaller, Nurse Practitioner Susan Wilson, Deputy Warden Jeff Woods, Administrative Assistant Michael Sibbald, Grievance Coordinator Louis Berlinger, Inspector Gordon Newland, Medical Records Examiner Shelley Hutte, Assistant Deputy Warden Kathy Olson, Step III Grievance Respondent N. Martin, Warden's Secretary Kimbery Atkinson, Sergeant Paul Grondin, Captain Harold Frazier, Lieutenant John W. Akkanon, Lieutenant Mark J. Krupiarz, State Administrative Board Secretary Sherry Bond, Manager of Prisoner Affairs James Armstrong, Resident Unit Manager M. Malette, Food Services Employee Janice Schmidt, Sergeant R. Kaunisto, R.N. Matt Sizer, R.N. Penny L. Filion, R.N. Carol Williams, R.N. William Kaupp, R.N. Wendy Ball, R.N. Linda D. Ouellette, R.N. Joan A. LaCourse, R.N. Alan M. Manzardo, R.N. Cynthia M. Jenkins, R.N. Jeannie Stephenson, Step II Medical Grievance Respondent R.N. Michelle Horton, L.P.N. Jody M. Hillock, Grievance Coordinator Louis Berhnger, and Health Unit Corrections Officer Joseph Hadfield.

In his complaint, Plaintiff alleges that he has submitted numerous medical kites requesting to be examined thoroughly for any form of cancer due to his repeated abdomen complications. Plaintiff also made several requests to be seen by a urologist because of his "stomach and bladder complications." Plaintiff's requests were either ignored or denied. Plaintiff states that by the time defendant medical professionals finally decided to address Plaintiff's complaints, he had

incurred an "inflamed pancreas" and pancreatitis. Plaintiff states that this was discovered as a result of blood tests on September 11, 2006. Plaintiff contends that Defendants did next to nothing to further evaluate or treat his medical problems until January 2007.

Plaintiff claims that Defendants' conduct violates his rights under the Eighth Amendment. Plaintiff seeks compensatory and punitive damages.

II.     Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

As noted above, Plaintiff claims that Defendants' conduct violated his rights under the Eighth Amendment. The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976). The Eighth Amendment is violated when a prison official is deliberately

indifferent to the serious medical needs of a prisoner. *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 899 (6th Cir. 2004). If, however the need involves "minor maladies or non-obvious complaints of a serious need for medical care," *Blackmore*, 390 F.3d at 898, the inmate must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment." *Napier v. Madison County, Ky.*, 238 F.3d 739, 742 (6th Cir. 2001).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834). Deliberate indifference "entails something more than mere negligence," *Farmer,* 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Not every claim by a prisoner that he has received inadequate medical treatment states a violation of the Eighth Amendment. *Estelle*, 429 U.S. at 105. As the Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind. Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Estelle*, 429 U.S. at 105-06 (quotations omitted). Thus, differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnoses or treatment are not enough to state a deliberate indifference claim. *Sanderfer v. Nichols*, 62 F.3d 151, 154-55 (6th Cir. 1995); *Ward v. Smith*, No. 95-6666, 1996 WL 627724, at *1 (6th Cir. Oct. 29, 1996). This is so even if the misdiagnosis results in an inadequate course of treatment and considerable suffering. *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr. 4, 1997).

The Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976). Where, as here, "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976); *see also*, *Brock v. Crall*, No. 00-5914, 2001 WL 468169, at *2 (6th Cir. Apr. 27, 2001); *Jones v. Martin*, No. 00-1522, 2001 WL 223859, at *1 (6th Cir. Feb. 28, 2001); *Williams v. Mattson*, No. 99-1796, 2000 WL 924145, at *1 (6th Cir. June 28, 2000); *Davis v. Ulep*, No. 97-2124, 1999 WL 98390, at *1 (6th Cir. Jan. 29, 1999); *Cain v. Huff*, No. 96-1613, 1997 WL 377029, at *

4 (6th Cir. July 2, 1997); *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at * 2 (6th Cir. Apr. 4, 1997).

In this case, Plaintiff claims that he submitted numerous medical kites requesting to be examined thoroughly for any form of cancer due to his repeated abdomen complications and to be seen by a urologist because of his "stomach and bladder complications." Plaintiff states that by the time defendant medical professionals finally decided to address Plaintiff's complaints, he had incurred an "inflamed pancreas" and pancreatitis. Plaintiff claims that since he was diagnosed in September of 2006, he has been offered little treatment for his condition. However, the attachments to Plaintiff's complaint show that he was seen by nurses on numerous occasions for a variety of complaints including scratches on body, athlete's foot, allergies, sinus problems, testicle strain, a lost knee brace, and pains in various body parts. It appears that Plaintiff was scheduled for appointments on March 8, 2006, May 4, 2006, June 26, 2006, July 17, 2006, and September 1, 2006. In addition, it appears that Plaintiff was seen by health care in November of 2006. As noted above, where "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d at 860 n.5. Therefore, the undersigned recommends that Plaintiff's complaint be dismissed for lack of merit.

### **Recommended Disposition**

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

    /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   May 23, 2007

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).