UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JAMES JENKINS, #250662,

        Plaintiff,

                              File No.  2:07-CV-57

v.

                              HON. ROBERT HOLMES BELL

PATRICIA CARUSO, et al.,

        Defendants.
                                     /

**MEMORANDUM OPINION AND ORDER**
**ADOPTING THE REPORT AND RECOMMENDATION**

On May 23, 2007, United States Magistrate Judge Timothy P. Greeley issued a Report and Recommendation ("R&R"), recommending that Plaintiff James Jenkins' 42 U.S.C. § 1983 prisoner civil rights action be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b), and 42 U.S.C. § 1997e(c), for failure to state a claim. (Dkt. No. 5.) Plaintiff filed objections to the R&R on June 4, 2007.  For the reasons that follow, Plaintiff's objections are denied and the R&R is adopted as the opinion of the Court.

This Court reviews *de novo* those portions of a R&R to which specific objections are made.  28 U.S.C. § 636(b)(1);  Fed. R. Civ. P. 72(b).  The Court may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations.  28 U.S.C. § 636(b)(1);  Fed. R. Civ. P. 72(b).

Plaintiff's first objection is that the R&R did not address his claim that he received the wrong medication. Plaintiff's complaint, under the heading "V. Statement of Claim," does allege that on one occasion he was given another prisoner's medication. Plaintiff does not make any further allegations as to what medication he was supposed to have received, what medication he did in fact receive, when this occurred, or what harm he suffered as a result. Plaintiff also does not indicate that any of the 346 pages of exhibits attached to his complaint relate to the one occasion on which he was allegedly given the wrong medication. Plaintiff's objection does not provide any additional details about the incident in which he was allegedly given the wrong medication. (Pl.'s Objs. 3, 7.) Plaintiff does add in his objection that "harm was done" when he was allegedly given the wrong medication, but he does not provide any specific information about the harm. (Pl.'s Objs. 7.) As the Plaintiff is proceeding pro se, the Court must read his pleadings liberally, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004), but that "'liberal construction does not require a court to conjure allegations on a litigant's behalf.'" *Martin*, 391 F.3d at 714 (quoting *Erwin v. Edwards*, 22 F. App'x. 579, 580 (6th Cir. 2001) (unpublished)). A failure to give the correct medication on a single occasion is, at most, a negligent act. A single negligent act is insufficient to establish that a prison official violated Plaintiff's Eighth Amendment rights by being deliberately indifferent to Plaintiff's serious medical needs. *Lemarbe v. Wisneski*, 266 F.3d 429, 435-36 (6th Cir. 2001). Although the R&R did not specifically reference the wrong medication claim, Plaintiff has failed to state a claim with respect to being given the wrong medication.

Plaintiff next objects that the R&R "overlooked, or disregarded pages 4, 4a [, and the] statement of claim attachment . . . ." (Pl.'s Objs. 4.) On page 4 of the complaint Plaintiff alleges that his grievances have not been handled properly by Defendants. On page 4a of the complaint Plaintiff alleges that Defendants have failed to address his complaints about abdominal complications and an "inflamed pancreas." In the "Statement of Claim Attachment" Plaintiff alleges in more detail the requests he has made to be examined for abdominal complications. Contrary to Plaintiff's contention, the R&R specifically addressed the allegations made in pages 4, 4a, and the "Statement of Claim Attachment." The R&R summarized Plaintiff"s allegations as:

> Plaintiff alleges that he has submitted numerous medical kites requesting to be examined thoroughly for any form of cancer due to his repeated abdomen complications. Plaintiff also made several requests to be seen by a urologist because of his "stomach and bladder complications." Plaintiff's requests were either ignored or denied. Plaintiff states that by the time defendant medical professionals finally decided to address Plaintiff's complaints, he had incurred an "inflamed pancreas" and pancreatitis. Plaintiff states that this was discovered as a result of blood tests on September 11, 2006. Plaintiff contends that Defendants did next to nothing to further evaluate or treat his medical problems until January 2007.

(R&R 2-3.) This summary accurately represents Plaintiff's allegations in pages 4, 4a, and the "Statement of Claim Attachment." Plaintiff's objection did not indicate anything beyond contending that the Magistrate Judge overlooked or disregarded those pages. As it is clear that the Magistrate Judge reviewed those materials and properly considered the allegations in those materials, Plaintiff's objection is without merit.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objections to the Report and Recommendation of the Magistrate Judge (Dkt. No. 6) are **DENIED.**

**IT IS FURTHER ORDERED** that the Report and Recommendation (Dkt. No. 5) is **APPROVED** and **ADOPTED** as the opinion of this Court.

**IT IS FURTHER ORDERED** that Plaintiff James Jenkins' complaint is **DISMISSED** for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A, and 42 U.S.C. § 1997e(c).

**IT IS FURTHER ORDERED** that this dismissal shall count as a **STRIKE** for purposes of 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the Court finds no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3).

Date:   November 8, 2007            /s/ Robert Holmes Bell
                                    ROBERT HOLMES BELL
                                    CHIEF UNITED STATES DISTRICT JUDGE